■ In the Matter of the Claim of HELEN MALEK, Appellant, v. LEON TEMPELSMAN & SONS et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant appeals from a decision of the Workmen's Compensation Board which determined that her deceased husband was not a covered employee. The facts are unusual but not in serious dispute. The employer was engaged in the business of buying and selling industrial diamonds. The decedent, an expert on diamonds, travelled extensively in search thereof to various locations around the world, his expenses being paid by the employer herein. While on one of these trips he contracted a disease and died. The record discloses that he received $500 a month "because he (decedent) wanted it that way" but adjustments were made at the year's end. It was further revealed that the employer had the right to fire the decedent and that when he was in New York City he reported to the office of the employer at 8:30 A.M., and remained until 5:30 P.M., the same hours as the other employees. There was testimony that on occasions the decedent loaned substantial sums of money to the employer. From a reading of the record, it is unmistakable that the employer wished to accommodate the decedent who insisted that he be not listed as an employee. Decedent listed himself on his tax returns as self-employed, and was not listed in any partnership tax returns. He refused to allow deductions for withholding, social security, or other forms of taxes ordinarily associated with an employee, even though the employer was advised by their accountant that such deductions were necessary and proper. The board found "on the basis of all the credible evidence in the record, that decedent was not in fact an employee within the meaning of the law." The appellant cogently argues that as a matter of law the board was wrong in not distinguishing between an independent contractor and an employee, but the board, under the circumstances, was not required to make such finding. Its determination that the credible

evidence did not establish an employer-employee relationship was sufficient where, as here, there is substantial evidence to sustain the finding. The decisions relied upon by the claimant are our affirmances of the board's finding of an employer-employee relationship. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.